UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In Re*:  Bruce Hall

                                    Case No.  13-mc-50018
                                    HON.  GERSHWIN A.  DRAIN

_____/

ORDER OF DISMISSAL BASED ON LACK OF SUBJECT MATTER JURISDICTION

Before the Court is Plaintiff, Bruce Hall's, Complaint, filed on January 8, 2013.  Plaintiff, a member of a federally recognized Indian Tribe, appears to request a ruling on his genealogy, seeks to report purported misconduct of Officer Martin of the Imlay City Police Department and enjoin ongoing state court criminal proceedings.  Plaintiff therefore appears to bring this action pursuant to 42 U.S.C. § 1983 for violation of his Fourth Amendment right to be free from unreasonable searches and seizure and his Fourteenth Amendment right to due process.

Based on the documents attached to Plaintiff's complaint, it appears that Plaintiff was arrested on September 9, 2012, after Officer Martin initiated a traffic stop upon observing Plaintiff fail to use a turn signal and drive into the wrong lane of traffic.  After initiating the stop, Officer Martin learned that Plaintiff did not have a valid driver's license and arrested him.  An inventory search led to the discovery of controlled substances under the front seat of the car.  Plaintiff argues that he provided Officer Martin with his Tribal ID, which according to Plaintiff, demonstrates that non-tribal police officers have no jurisdiction over him, either on or off of tribal lands.   Plaintiff further complains that his car was seized requiring him to walk sixteen miles home.

Plaintiff paid the requisite filing fee, therefore his complaint is not subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(a).  *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir.  1999).

However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

Liberally construing Plaintiff's Complaint, the Court concludes that it lacks subject matter jurisdiction over the instant action. It appears from Plaintiff's Complaint and the documents attached thereto, that Plaintiff seeks an Order from this Court enjoining the state court criminal proceedings arising out of the traffic stop in September of 2012. The Court is without authority to interfere with state court criminal proceedings under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Pursuant to the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (6th Cir. 2002) (the *Rooker-Feldman* doctrine establishes that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings."). In order for the *Rooker-Feldman* doctrine to apply, the issue presented to the district court must be inextricably intertwined with the claim asserted in the state court proceeding. *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is

difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id*. Second, the *Rooker-Feldman* doctrine precludes federal subject matter jurisdiction where the claim is a specific grievance that the law was unconstitutionally applied in the plaintiff's particular case. *Id.*

Here, Plaintiff's Fourth Amendment unreasonable seizure and Fourteenth Amendment Due Process claims are 'inextricably intertwined" with the state court criminal proceeding. Further, the relief sought by Plaintiff is predicated upon his theory that the state court wrongfully determined that probable cause existed for the traffic stop in September of 2012, and wrongfully prosecuted him even though he provided Officer Martin with a copy of his Tribal ID card. Thus, the *Rooker-Feldman* doctrine bars this action and the Court is without subject matter jurisdiction over Plaintiff's claims. Lastly, the Court notes that while it is generally true that state courts do not have jurisdiction to prosecute Native Americans for crimes committed in "Indian country," state courts may exercise jurisdiction over Native Americans outside of Native American lands. *See DeCoteau v. District County Court for Tenth Judicial Dist.*, 420 U.S. 425, 427-28 (1975).

SO ORDERED.

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: June 26, 2013

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys/parties of record on
June 26, 2013 by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk